**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| BETTY JEAN DANIELS, § | |
| § | |
| *Plaintiff*, § | CIVIL ACTION NO.  9:21-CV-31 |
| § | |
| v. § | |
| § | |
| GEORGIA PACIFIC CORPORATION, § | |
| § | |
| *Defendant*. § | |

**ORDER OVERRULING OBJECTIONS AND ACCEPTING
<u>REPORT AND RECOMMENDATION</u>**

The district court referred this proceeding to the United States Magistrate Judge, at Beaumont, Texas, for determination of pretrial matters pursuant to 28 U.S.C. § 636 and the Local Rules for the United States District Court for the Eastern District of Texas.

On August 23, 2021, Magistrate Judge Keith F. Giblin issued the Report and Recommendation that Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim be granted.  *See* Report and Recommendation (Doc. #10.)

On September 3, 2021, Plaintiff Betty Jean Daniels filed her objection and response to the Report and Recommendation.  *See* Objection and Response (Doc. #11.)

On September 12, 2021, Defendant Georgia Pacific Corp. filed its response to Plaintiff's objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to the action has the right to file objections to the Report and Recommendation.

1

Objections must be in writing, specifically identify the findings or recommendations to which the party objects, be served and filed within fourteen days, and be no more than eight pages in length.

The magistrate judge concluded that Plaintiff failed to exhaust her administrative remedies because the allegations in her complaint (failure to promote and unfair discipline by demotion) differed drastically from the harassment and retaliation claim (being denied an evaluation) in her EEOC charge. Report and Recommendation (Doc. #10 at 4.) The magistrate judge also concluded that Plaintiff's complaint failed to provide sufficient facts to establish the elements of her claim. Report and Recommendation (Doc. #10 at 5.)

In accordance with 28 United States Code § 636(b), the Court conducted a *de novo* review of the magistrate judge's findings, the record, and the applicable law in this proceeding. After review, the Court finds that the magistrate judge's findings and recommendations should be accepted.

Plaintiff Daniels submitted written objections and in a timely manner; however, she failed to specifically identify the findings or recommendations to which she objected. Instead, Daniels submitted a timeline of facts apparently intended to bolster the lack of facts within her complaint, accompanied by a thumb drive of recorded phone calls. In neither her timeline of recorded events or the recorded phone calls, does she make specific reference to the record or identify specific portions of the Report and Recommendation to which she objects. As a result, Daniels' objections are conclusory and lack specificity.

This court is mindful that Plaintiff is represented *pro se* and her inclusion of additional facts in her objections could be viewed as an attempt to address the magistrate judge's determination that Plaintiff does not have sufficient facts to support her claim. However, a *de novo* review of the record shows that the magistrate judge correctly concluded that she failed to

exhaust her administrative remedies as to her claims of failure to promote and demotion. *Wiggins v. Golden Corral Corp.*, 802 F. App'x. 812, 814 (5th Cir.), *cert. denied*, 141 S. Ct. 380, 208 L. Ed. 2d 99 (2020) (plaintiff failed to exhaust his administrative remedies when his complaint alleged a failure to promote, but his EEOC charge asserted that only allegations of racial discrimination related to favorable work schedules and generalized treatment by the manager). Plaintiff's failure to exhaust administrative remedies is fatal to her claim. *Wiggins*, 802 F. App'x. at 814. Additionally, Plaintiff's objections do not address, in any manner, the failure to exhaust administrative remedies.

Since Plaintiff's objections are not related to a specific finding within the Report and Recommendation, the Plaintiff's objections are overruled. FED. R. CIV. P. 72; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996).

Accordingly, the court **ACCEPTS** the magistrate judge's recommendations and **ORDERS** that Defendant's Motion to Dismiss (Doc. #10) is hereby **GRANTED.** A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED** this the **18** day of **October, 2021.**

_____
Thad Heartfield
United States District Judge